837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Hans-Jurgen LYDTIN, Petrus J.W. Severin and Rolf J. Wilden.
 No. 87-1400.
 United States Court of Appeals, Federal Circuit.
 Dec. 4, 1987.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 We affirm the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 586-45, sustaining the examiner's final rejection of all claims in the subject application as obvious under 35 U.S.C. Sec. 103 (1982).
 
 OPINION
 
 2
 H. Lydtin et. al. (Lydtin) filed a patent application, Serial No. 286,404, disclosing a method for preparing an element or a compound of an element that is enriched with an isotope of that element. By a thermal diffusion process, material deposited on a heated substrate is converted into a product that is enriched with a lighter isotope of the element.
 
 
 3
 The examiner based her final rejection of Lydtin's application on the following prior art references: a section from a book which generally describes a thermal-diffusion convection current method for isotope separation (Benedict); a patent which discloses a flame diffusion method of isotope separation (the French patent); another patent which discloses a method of separating isotopes by irradiating compounds with laser light absorbable by selected isotopes, thereby causing decomposition and separation (Gurs); and a Chem. Abstract which teaches use of inert auxiliary gases in a thermal diffusion scheme (Meinrenken).
 
 
 4
 The Board concluded that the claims were not patentable, because it would have been obvious to isolate the enriched and depleted fractions of Benedict using the conversion and separation processes of Gurs and the French patent. Two dependent claims, which called for an inert buffer gas, were rejected by the Board based upon the above references and Meinrenken. We affirm on the basis of the Board's decision and add the following comments for emphasis.
 
 
 5
 Lydtin contends that it would not be obvious to one of ordinary skill in the art to combine these references because its decomposition method is not the equivalent of, nor would one expect it to be the equivalent of, the convection current method used in Benedict. The same argument was raised and rejected before both the Board and the examiner.
 
 
 6
 There may have been some merit to Lydtin's argument, however, Lydtin provided no rebuttal evidence in support of this position before the examiner or the Board. Such evidence could be in the form of other prior art references or affidavits or declarations under 37 C.F.R. Sec. 1.132 (1987), setting forth, for example, "unobvious results." This court has made it clear that "[a]fter a prima facie case of obviousness has been established, the burden of going forward shifts to the applicant." In re Piasecki, 745 F.2d 1468, 1472, 223 USPQ 785, 788 (Fed.Cir.1984). We agree with the Board's conclusion, based on the evidence of record, that a prima facie case of obviousness had been established. Without factual evidence in the record to rebut this conclusion, there exists no basis for holding that the Board erred as a matter of law.